[Cite as *Cleveland v. Reid*, 2011-Ohio-6649.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96785**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## TOBIAS R. REID, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2011-CRB-012862

**BEFORE:** Celebrezze, J., Blackmon, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** December 22, 2011

**FOR APPELLANT**

Tobias R. Reid, Ph.D., pro se
1586 Larchmont Drive
Cleveland, Ohio   44110


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Director
City of Cleveland
Department of Law
601 Lakeside Avenue
Room 106
Cleveland, Ohio   44114-1077

Victor R. Perez
Chief Prosecutor
City of Cleveland
The Justice Center
8th Floor
1200 Ontario Street
Cleveland, Ohio   44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1}   Appellant, Tobias Reid, Jr., appeals from the finding of guilt to a charge of evading payment of a public transit fare.   Appellant claims the trial court erred in failing to rule upon his motion to dismiss, in accepting certain testimony, in not accepting his evidence, and that his conviction is against the manifest weight of the evidence.   After a thorough review of the record and law, we affirm appellant's conviction.

{¶ 2}   On April 25, 2011, appellant entered a plea of not guilty to violating Cleveland Codified Ordinances ("C.C.O.") 605.11,[1] misconduct involving a public transportation system, and filed a motion to dismiss with the court.   Trial was scheduled for May 9, 2011.   In addressing the motion to dismiss just prior to trial, the city of Cleveland ("the City") asserted that it just received the motion and asked the court how it wished to proceed.   The court asked appellant if he would like a trial, and he responded that he did.   Trial then commenced.

{¶ 3}   On April 11, 2011, appellant was using public transit operated by the Greater Regional Transit Authority ("GRTA").   Transit Officer David Simia and his partner approached appellant and asked to see his transit pass.   According to Officer Simia's testimony, appellant responded by producing a receipt showing the purchase of a pass.   Officer Simia examined the receipt and asked to see the credit card appellant used to purchase a pass to match it to the last four digits of the credit card printed on the receipt.   Appellant responded by producing a Cuyahoga County Community College ("Tri-C") guest pass he claimed to have used to purchase the ticket and stated that the machine did not produce a pass, only the receipt.   Officer Simia explained that a Tri-C guest pass could not be used to purchase a pass and, even if it could, the digits did not match.   Officer Simia again asked for the credit card appellant used or a valid pass. Appellant could produce neither and was escorted off the train and issued a citation.

---

[1] This ordinance states in part that "[n]o person shall evade the payment of the known fares of a public transportation system."

**{¶ 4}** At trial, appellant produced a valid pass dated April 11, 2011, but time-stamped 6:12. The citation issued by Officer Simia stated that it was issued at 6:08 on April 11, 2011.[2] Appellant insisted that the time stamped on the pass he showed the court was the time of expiration and that all passes expired one hour after purchase. He offered this as proof that he purchased the pass at 5:08, and was therefore not guilty. However, the pass in question had an expiration date of October 8, 2011 printed on it. The pass was examined by the trial court, and it determined that the time of purchase was 6:12 p.m., as printed on the pass, and that this was not an expiration time as appellant argued. Trial concluded with a finding of guilty. The court imposed a $150 fine.

**{¶ 5}** Appellant filed the instant appeal and moved for a stay of execution of sentence. He now assigns four errors for our review.[3]

### Law and Analysis

### Motion to Dismiss

**{¶ 6}** Appellant's first assignment of error states, "[t]he trial court erred in not ruling on [his] motion to dismiss prior to trial to trial [sic] regarding the GRTA pass

---

[2] The citation records the time as 18:08 in accordance with military time standards.

[3] The City assigns its own errors without having appealed the decision of the trial court. This is not its right as appellee, and any additional errors assigned or restatements of appellant's errors will be ignored. Also, while appellant's pro se brief fails to support his arguments with citation to relevant authority or the record, as required by App.R. 16(A)(7), his arguments will be addressed as this court's discretion allows. *Solomon v. Harwood,* Cuyahoga App. No. 96256, 2011-Ohio-5268, ¶36.

purchased by [him] at 5:12 p.m." Appellant first argues that the trial court should have granted his motion to dismiss.

**{¶ 7}** Appellant filed a pleading styled "Motion to Dismiss and/or Defendants [sic] Dr. Tobias R. Reid's Trial Brief." This pleading did not reference under which provision of the Ohio Rules of Civil Procedure appellant was seeking dismissal. Accordingly, when the trial court tried to ascertain the nature of this pleading and questioned appellant about his wish to go to trial, appellant waived any claim relating to this pleading. The trial court could properly treat it as a trial brief after appellant responded that he wished to have a trial on the merits of the case. Appellant's first assignment of error is overruled.

### Expert Testimony

**{¶ 8}** Appellant's next assignment of error alleges, "[t]he trial court erred in accepting Officer David Simira [sic] testimony as he is not a technology expert of GRTA systems."

**{¶ 9}** Appellant argues that the trial court erred in accepting the testimony of Officer Simia because he was not qualified as an expert, relying on *Cleveland Hts. v. Reid*, Cuyahoga App. No. 85594, 2006-Ohio-170, ¶15-25. However, this officer testified as a fact witness, explaining what he saw on April 11, 2011. He was not an expert witness requiring qualification under Evid.R. 702. Officer Simia was qualified to testify as a witness according to Evid.R. 601, and he testified to events he witnessed and had

personal knowledge of, in compliance with Evid.R. 602.[4]   Therefore, appellant's second

assignment of error is overruled.

## Admission of Evidence

{¶ 10} Appellant's next assignment of error states, "[t]he trial court erred in not

accepting appellants [sic] evidence of six months of GRTA Healthline passes purchased

prior to [March 11, 2010]."

{¶ 11} Appellant argues that the trial court erred in not accepting six months of

transit passes he attempted to submit as evidence.   However, this evidence was not

relevant to the charge against him at trial.   The pass appellant produced that was

purchased on the date of the incident was relevant and examined by the trial court.   It is

well settled that a trial court enjoys broad discretion over the admissibility of evidence

and that only relevant evidence is admissible.   Evid.R. 402.   Appellant's attempt to

introduce six months of prior passes does not provide relevant evidence to his guilt or

innocence in the present case.

{¶ 12} Evid.R. 401 defines relevant evidence to include "evidence having any

tendency to make the existence of any fact that is of consequence to the determination of

the action more probable or less probable than it would be without the evidence."   In

light of appellant's argument that he had a valid pass on the day in question, six months

of prior passes did not offer evidence helpful to determine whether that pass was valid or

---

[4] This rule states, in part: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

purchased after the citation was issued as the City argues. Here, this evidence is not helpful to the determination of whether appellant purchased a pass on the date in question before Officer Simia issued the citation. Therefore, appellant's third assignment of error is overruled.

## Manifest Weight

{¶ 13} Appellant finally argues that his conviction is against the manifest weight of the evidence. Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and duty to weigh the evidence and to determine whether the findings of * * * the trier of the facts were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." *State ex rel. Squire v. Cleveland* (1948), 150 Ohio St. 303, 345, 82 N.E.2d 709.

{¶ 14} The standard employed when reviewing a claim based on the weight of the evidence is not the same standard to be used when considering a claim based on the sufficiency of the evidence. The United States Supreme Court recognized this distinction in *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652, where the court held that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43.

{¶ 15} Appellant argues that he submitted evidence affirmatively demonstrating that he had paid for a valid transit pass when he was cited by Officer Simia. However, the evidence presented by the City demonstrates that appellant failed to produce a valid pass or a credit card that corresponded to the number on the receipt he proffered to the officer as proof. The pass he did present to the court indicated it was purchased after he received the citation, and he did not produce this pass when prompted by the officer, even though he testified that it was on his person at that time. The manifest weight of the evidence weighs in favor of conviction, not against it. Therefore, appellant's final assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA A. BLACKMON, P.J., and
KENNETH A. ROCCO, J., CONCUR